**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
JEREMIAH JOHNSON-EL,                                         :
                                                             :
        Plaintiff,                                    :    24-CV-3726 (PAE) (OTW)
                                                             :
        -against-                                     :    **REPORT & RECOMMENDATION TO**
                                                             :    **THE HONORABLE PAUL A.**
JIM OBROTKA,                                                 :    **ENGELMAYER**
                                                             :
        Defendant.                                    :
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On August 14, 2025, I ordered *pro se* Plaintiff Jeremiah Johnson-El ("Plaintiff") to show cause, in writing, by August 25, 2025, (the "OSC"), why the Court should not recommend that (1) Plaintiff's motion at ECF 7 be denied and (2) this case be dismissed in its entirety for failure to properly serve Defendants and/or failure to prosecute this case. The OSC also warned Plaintiff that failure to timely respond to the OSC would constitute additional grounds to recommend dismissal of the case, and questioned whether this Court has subject matter jurisdiction over this case. Plaintiff failed to file a letter response to the OSC by August 25. (*See* Docket).

        **I.**    **Plaintiff's Motion to "Enforce Injunctive Order Expeditiously"**

Plaintiff initiated this case by filing a "Notice of Removal" purporting to remove a ticket from Municipal Court in the Town of Warwick, New York, on May 9, 2024, (ECF 1). On the same day, Plaintiff filed an unsigned order to show cause seeking to stop Defendant "James AKA Jim Obrotka" and the Warwick Town Court and Warwick Department of Buildings ("Defendants") from "harassing, stalking, taking pictures, of Plaintiff [*sic*], Proceeding forward enforcing a false

ticket, citation against Sharon Washington or Johnson-El, Jeremiah." (ECF 3). Judge Engelmayer then referred this case to me for General Pretrial Management on August 6, 2024, (ECF 6).

On November 19, 2024, Plaintiff filed a "Notice of Motion to Enforce Injunctive Order Expeditiously," wherein Plaintiff referenced the unsigned order to show cause and stated that Plaintiff is "currently being harassed, and I have a subpoena that I am asking the Court to enforce due to respondents ignoring my affidavits of facts." (ECF 7). No subpoena has been filed on the docket. (*See* Docket). Plaintiff filed another unsigned order to show cause on November 19, 2024, that appears identical to the unsigned order to show cause filed at ECF 3. (ECF 9). Judge Engelmayer then issued an amended referral order on December 20, 2024, referring this case to me for General Pretrial Management and all Dispositive Motions. (ECF 10). Plaintiff has taken no action in this case since filing the November 19 Unsigned Order to Show Cause, and Defendants have not been served nor appeared in this action. (*See* Docket).

As there is no basis for the requested relief to be issued on an *ex parte* basis, Plaintiff's application should be **DENIED**. Given the lack of subject matter jurisdiction in this case, *see* Section III. *infra*, Plaintiff should not be given leave to re-file his motion.

II.   **Plaintiff Failed to Serve Defendant(s)**

While arising out of a civil citation and titled "Notice of Removal," Plaintiff's initial filing at ECF 1 is actually fashioned as a complaint, and specifically sets out money damages that Plaintiff seeks from the Defendants:

> Defendant(s) is being sued for $10,000 for compensatory damages and $10,000 for punitive damages in its official capacity… Defendant State of new York [*sic*], Warwick Town Court is being sued for violating their oath's [*sic*] of office, compensatory damages and $75,000 for punitive damages in its official capacity. James, AKA Jim Obrotka, … is being sued for $20,000 compensatory

2

> damages and $75,000 for punitive damages in his private capacity.
> Trying to enforce a fraudulent citation, abuse of authority, bias and
> prejudice. Defendants have no proof of claim.

(ECF 1 at 2).[1] Plaintiff has not, however, since the inception of this action in May of 2024, filed proof of service of the "Notice of Removal" at ECF 1 on any of the Defendants, nor have Defendants appeared or waived service of process. (*See* Docket). Further, it is well established that a plaintiff cannot remove a case to federal court. *See Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove.").

Because the OSC provided the notice to Plaintiff required under Rule 4(m) and the law of this Circuit, Plaintiff's "Notice of Removal" should be dismissed *sua sponte* for failure to serve. *See Mazzei v. Jackson*, 22-CV-146 (PMH), 2022 WL 16700526, at *1 (S.D.N.Y. Nov. 3, 2022); *see also Dicks v. Chow*, 382 F. App'x 28, 30 (2d Cir. 2010) (affirming *sua sponte* dismissal of *pro se* complaint under Rule 4(m) after notice).

### III.  Improper Removal and Lack of Subject Matter Jurisdiction

Even if the Court were to liberally construe Plaintiff's filing at ECF 1 as an attempt to remove the underlying civil citation issued to Plaintiff by the Town of Warwick, removal here is improper because the Court lacks original subject matter jurisdiction over the underlying claims. *See Bhagat v. Shah*, 24-CV-1424 (VEC) (RFT), 2025 WL 1665473, at *3 (S.D.N.Y. June 6, 2025) ("[A] civil action filed in state court may be removed by the defendant to federal district

---

[1] The "Notice of Removal" also contains a section titled "Cause of Action." (ECF 1 at 9).

3

court if the district court has original subject matter jurisdiction over the plaintiff's claims.") (citing 28 U.S.C. § 1441(a)).

While not raised by any parties in this action, "[f]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Wells Fargo Bank v. 5615 N. LLC*, 20-CV-2048, 2022 WL 15523689, at *3 (S.D.N.Y. Oct. 27, 2022). *See also Vazquez v. Parker*, 22-CV-1225 (VB), 2022 WL 1558120, at *1 (S.D.N.Y. May 17, 2022) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").[2]

First, there is no federal question jurisdiction under 28 U.S.C. § 1331 because the underlying civil citation—which fined Plaintiff $500 for "bringing in fill & excavation of fill on property" in violation of Town of Warwick Ordinance § 150—is purely a matter of state law and nothing indicates that any of the exceptions recognized in this Circuit apply.[3]

Second, there is no diversity jurisdiction under 28 U.S.C. § 1332(a)(2) because Plaintiff appears to reside in New York and is thus a citizen of New York (the forum state), (*see* ECF 1 at

---

[2] "[A] district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee." *Clarkes v. Hughes*, 17-CV-961 (JMA) (AYS), 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*).

[3] The three exceptions recognized by the Second Circuit are: "(1) if Congress expressly provides, by statute, for removal of state law claims; (2) if the state law claims are completely preempted by federal law; and (3) in certain cases if the vindication of a state law right necessarily turns on a question of federal law." *Commissioner of New York City Dep't of Soc. Servs. V. Buckeye Coach LLC*, 24-CV-326 (VSB), 2024 WL 620649, at *2 (S.D.N.Y. Feb. 14, 2024).

15),[4] and the named Defendants in the Notice of Removal are Warwick Town Hall Court and Warwick Buildings Department, municipal entities in New York, and Jim Obrotka, a building inspector in Warwick, New York.[5] Moreover, Plaintiff's removal would also be procedurally improper as it was not filed within "30 days after the receipt by the defendant of the initial pleading or summons, whichever period is shorter." *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021).[6]

## IV.    CONCLUSION

Because (1) this Court lacks original subject matter jurisdiction over the underlying claims, *see Vazquez*, 2022 WL 1558120, at *2-4 (dismissing plaintiff's claims *sua sponte* for lack of subject matter jurisdiction); (2) Plaintiff failed to properly serve the Defendants under Fed. R. Civ. P. 4, *see Mazzei*, 2022 WL 16700526, at *1; (3) removal is improper because it was untimely, *see Taylor*, 15 F.4th at 150; (4) Plaintiff failed to reply to the OSC; and (5) Plaintiff has failed to prosecute this case, *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."), I respectfully recommend that all of Plaintiff's claims be **DISMISSED with prejudice**, and all outstanding motions should be closed.

---

[4] The "Affidavit of Facts Writ of Discovery" appended to Plaintiff's "Notice of Removal" at ECF 1 lists Plaintiff's address as P.O. Box 489 Greenwood Lake New York Republic. (ECF 1 at 15).

[5] While the docket only lists Jim Obrotka as a defendant, the "Notice of Removal" at ECF 1 includes Warwick Town Hall Court and Warwick Buildings Department as defendants.

[6] The "Notice of Removal" was filed on May 9, 2024. The citation that was issued against Plaintiff, attached as part of his "Notice of Removal," was issued on January 3, 2024. (*See* ECF 1).

**V.     OBJECTIONS**

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections.  *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail).  A party may respond to any objections within fourteen (14) days after being served.  Such objections, and any responses to objections, shall be addressed to the Honorable Paul A. Engelmayer, United States District Judge.  Any requests for an extension of time for filing objections must be directed to Judge Engelmayer.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.**  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

**SO ORDERED.**

Dated: August 26, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge