UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMIAH JOHNSON-EL,

                      Plaintiff,

      -v-

JIM OBROTKA,

                      Defendant.

24 Civ. 3726 (PAE) (OTW)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Before the Court is the August 26, 2025 Report and Recommendation of the Honorable Ona T. Wang, United States Magistrate Judge. Dkt. 12 ("Report"). It recommends, *inter alia*, the dismissal with prejudice of all claims brought by *pro se* plaintiff Johnson-El, on multiple grounds, including improper service, improper removal, lack of subject-matter jurisdiction, and failure to prosecute. *Id.* at 2–5.[1]

The Court incorporates by reference the Report's summary of the facts and procedural history. In brief, Johnson-El claims harassment and stalking arising from a ticket citation. For the following reasons, the Court adopts the Report's analysis to the extent it found that the Court lacks subject-matter jurisdiction, and, on that basis, dismisses Johnson-El's claims without prejudice.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

---

[1] The Report also recommends denial of Johnson-El's motion to "enforce injunctive order expeditiously." *Id.* at 1–2.

U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

It is a bedrock principle that federal courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Their jurisdiction is "[l]imited first by the Constitution, to only the kinds of 'Cases' and 'Controversies' listed in Article III. And for all lower federal courts, limited as well by statute." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Thus, under 28 U.S.C. §§ 1331 and 1332, "federal courts exercise jurisdiction 'only when a federal question is presented, or if asserting state-law claims under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.'" *Jia v. Weee! Inc.*, No. 24 Civ. 534 (PAE), 2025 WL 486940, at *2 (S.D.N.Y. Feb. 13, 2025) (quoting *Suarez v. Marcus*, No. 20 Civ. 11051, 2021 WL 603048, at *1 (S.D.N.Y. Feb. 12, 2021)).

Subject-matter jurisdiction is a nonwaivable requirement, and "may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The party invoking federal jurisdiction has the burden of proving that subject-matter jurisdiction exists. *Collins v. United States*, 996 F.3d 102, 108 (2d Cir. 2021). A *pro se* party is not "exempt . . . from compliance with relevant rules of procedural and substantive law," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted), but the Court must "liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests," *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). If the Court

determines that it lacks subject-matter jurisdiction, it "'*must*' dismiss an action." *Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 207 (2d Cir. 2024) (emphasis added) (citing Fed. R. Civ. P. 12(h)(3)).

Because no party has submitted objections to the Report, review for clear error is appropriate. The Report identified multiple bases for dismissal. *See* Report at 1–5. Central here, as to subject-matter jurisdiction, it found that federal-question jurisdiction under 28 U.S.C. § 1331 is lacking, because the underlying civil traffic citation that Johnson-El challenges "is purely a matter of state law," *id.* at 4, and that diversity jurisdiction under 28 U.S.C. § 1332(a)(2) is lacking, because the parties all appear to be citizens of New York, *id.* at 4–5. The Court adopts this well-reasoned analysis, which is facially sound.

Because the Court lacks subject-matter jurisdiction over Johnson-El's claims, the Court must dismiss this action on that ground alone. It does so without prejudice, contrary to the recommendation in the Report. *See, e.g., Katz v. Donna Karan Co.*, 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction . . . ."). The Court does not, and, lacking subject jurisdiction cannot, reach the Report's recommendations as to other bases for dismissal.

Because the Report explicitly states that "failure to object within fourteen (14) days *will* result in a waiver of objections and *will* preclude appellate review," Report at 6 (emphases in original), the parties' failure to object operates as a waiver of appellate review, *see Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

3

## CONCLUSION

For the reasons above, the Court dismisses, without prejudice, Johnson-El's complaint, for lack of subject-matter jurisdiction. The Court respectfully directs the Clerk to mail a copy of this decision to Johnson-El at the address on file and close the case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: September 12, 2025
      New York, New York